IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UMAR CLARK, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:21-CV-00269-SDJ-CAN |
| v. | § § | |
| CAPITAL ONE AUTO FINANCE | § § | |
| Defendant. | § § § | |

### ORDER

Pending before the Court is Plaintiff Umar Clark's ("Plaintiff") Motion to Seal [Dkt. 17]. After reviewing the Motion to Seal, and all other relevant filings, the Court finds Plaintiff's Motion to Seal should be **DENIED** without prejudice to refiling, as set forth herein.

It is well settled law that the public has a common law right to inspect and copy judicial records. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981)). The public's common law right, however, is not absolute. *Id.* (citing *Nixon*, 435 U.S. at 598; *Belo*, 654 F.2d at 430). To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure. *Id.*; *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010). To be clear, the motion to seal implicates the right to public access, and therefore, the First Amendment. *See Lawson v. Louisiana Eye Center of N.O.*, No. Civ. A. 93-2687 1997 WL 375752, *1 (E.D La July 3, 1997). Accordingly, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *See Van Waeyenberghe,* 990 F.2d at 848. "The burden is on the party seeking to seal court documents to establish that the presumption of public

records should be overcome." *Torres-Montalvo v. Keith*, No. C-11-161, 2011 WL 5023271, at *2 (S.D. Tex. Oct. 17, 2011) (citations omitted). And that burden is a heavy one.

Here, Plaintiff requests the Court seal his Amended Complaint [Dkt. 8] so that he may "pursue justice privately" [Dkt. 17 at 1]. Plaintiff alleges that he fears for his safety because "[p]eople have been logging into Pacer and finding [his] personal information and contacting [him] about this case" and that such contact has caused him "severe anxiety and emotional distress" [Dkt. 17 at 1]. Beyond this statement, Plaintiff presents no substantive reasons or arguments in favor of sealing. Plaintiff does not identify the particular "personal information" in the complaint that is confidential/sensitive and that necessitates his request to seal. The Court notes that much of the information contained in the complaint, such as Plaintiff's address, is likely publicly available elsewhere.

In addition, Plaintiff does not articulate a compelling reason that is supported by specific factual findings which outweigh the general history of access and the public policies favoring disclosure. Specificity in the showing of harm is essential; broad allegations of harm, unsubstantiated by specific examples will not suffice. Plaintiff does not detail who has contacted him, the alleged purpose for any contacts, or any specific threats or statements made and/or directed to him during such contacts which gives rise to his "fear." *See, e.g.*, *Bankhead v. Gregg Cnty.*, No. 2:11-CV-00279, 2013 WL 124114, at *2 (E.D. Tex. Jan. 9, 2013) (denying a motion to seal because the plaintiff presented "no substantive reasons or argument to overcome the presumption against sealing public records"); *Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008) (holding that the movant's argument that the records were not relevant to the public was meritless because the argument could apply to almost any case filed in federal court).

Because Plaintiff presents no substantive reasons or argument to overcome the presumption of public access other than a vague and generalized "fear," the Court finds that the balance weighs in favor of public disclosure. Plaintiff may, however, refile his motion to identify the information more specifically that he alleges is entitled to remain under seal and the specific reasons why sealing is necessary to protect Plaintiff. Accordingly,

It is therefore **ORDERED** that Plaintiff Umar Clark's Motion to Seal [Dkt. 17] is **DENIED WITHOUT PREJUDICE**. In the event Plaintiff chooses to refile, his motion should be filed within 14 days of the date of this Order.

 **IT IS SO ORDERED**.

 **SIGNED this 21st day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE